The statute 2 *Hen.* 5, does not apply to this State.    As to the nature of the writ, he cited 2 *Comyn Certio. A. No.* 1, 187. 1 *Lord Ray,* 580.   1 *Salk.* 544.

BY THE COURT—

Judgment of *Anne Arundel* county court *reversed,* and judg= ment of the justice of the peace *quashed* for want of jurisdiction.

---

WILLIAM HOUSE *vs.* SAMUEL WILES.—*June,* 1842.

The record of a decree of a court of equity for the sale of land, in which infants are concerned, upon the allegation that it was not susceptible of division between them and the other parties interested therein, is admissi= ble as evidence in another action, as a link in a chain of title in behalf of a purchaser under the decree, although no testimony was taken in the cause in which it was pronounced, nor other proof than the answers of the in= fants by guardian admitting the facts of the bill.

APPEAL from *Frederick* county court.

This was an action of ejectment brought by the lessee of *William House* against *Samuel Wiles,* tenant in possession, on the 19th February, 1833, to recover a tract of land.    The de= fendant pleaded not guilty, and took defence on warrant.

At the trial of the cause the plaintiff offered evidence of his title, which included, among other documents, the record of certain proceedings on the equity side of *Frederick* county court, to sell the real estate of a certain *Daniel House,* on the ground that it would not admit of division among all the par= ties entitled, without injury and loss to all concerned; but that it would be for the interest of all said tenants in common, to have the said real estate sold by a trustee appointed for that purpose, and the money, the proceeds, distributed under the direction of this court as a court of equity.    Prayer accordingly. The bill alleged that several of the defendants were infants, who answered the bill by a guardian appointed for that pur= pose, under a commission from *Frederick* county court, and admitted all the facts charged.    The adult defendants con-

sented to a decree on the 7th June, 1832, without a commission being issued to take testimony; the county court decreed a sale of the land, and it was sold to the lessor of the plaintiffs and the sale duly ratified.

To the admissibility of which said decree, and the proceedings on which the same is founded, to shew title in the plaintiff, the defendant by his counsel objected, on the ground that there were infants who were parties defendants in said bill, and no proof or evidence, other than the mere answers of said infants, was taken or offered in said case to support the allegations in the said bill of complaint, or to prove that a sale of the lands mentioned in said proceedings would have been for the benefit and advantage both of the said infants and the other persons concerned, without which being made to appear to the court by testimony, other than the admission in the said answers of said infants, the said equity court possessed no power or jurisdiction to pass said decree; which said objection the court (BUCHANAN, C. J. and BUCHANAN, A. J.,) sustained, and refused to let the said decree and proceedings go to the jury as evidence of title on the part of the plaintiff, on the grounds on which the same was objected to by the defendant's counsel; to which refusal and opinion of the court, the plaintiff by his counsel excepted.

And the verdict and judgment being against him, he prosecuted the present appeal.

The cause was argued before STEPHEN, DORSEY, CHAMBERS and SPENCE, J.

By T. C. WORTHINGTON and PALMER for the appellants.

This decree, which relates to the same land as that claimed, and passed in a cause over which the county court had jurisdiction, is proper evidence. It is collateral evidence, offered in a different cause from the one in which it was passed, and cannot be impeached here. The fact that no evidence was offered to affect the infants, does not affect the decree so long as it remains unreversed. Error in the decree can only be shown by appeal or by bill of review. *Harris vs. Harris*, 6

*G. & J.* 111.    *Comegys vs. State use of Dykes,* 10  *G.  & J.* 175.    1 *Peters,* 328, 240.

The error here complained of arises from defect of proof, but want of proof does not affect jurisdiction; it may affect the judgment in the case, but not the power of the court to decide the case made either way.    Defect in proof is matter to be considered upon appeal.    Besides, the infants after arrival at age might review this decree.    Such is their right; but if they acquiesce in it, no other party can object, nor can they, so long as the decree remains.

W. SCHLEY for the appellee, admitted—that if jurisdiction existed, errors in the decree could not be reviewed collaterally. The objection is want of jurisdiction to transfer title.    The question arises in an action of ejectment where the plaintiff must show title, which this record does not establish.    This arises from the fact that some of the defendants were infants, and the case does not destroy their title.    1785, chap. 72, sec. 12, gives the power, and sales should be in pursuance of that act.    The plaintiff first proved title in the children, and he must proceed to show it out of them.    Chancery has no original independent power to sell the real estate of infants.

The court of equity is bound to examine the circumstances, and see that it has jurisdiction.

The case in 10 *G. & J.* 175, is independent of our legislation, and is not as contended, an express decision on the point at bar.    It was the case of a non-resident infant defendant, and publication there was equivalent to proof.    It gave jurisdiction as proof would give it.

BY THE COURT—

JUDGMENT REVERSED AND PROCEDENDO AWARDED.